**\*E-FILED ON 3/26/2007\***

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DAWN JORGENSEN, | No. C05-01879 HRL |
| Plaintiff, | **ORDER (1) GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; (2) GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT; AND (3) REMANDING FOR FURTHER CONSIDERATION** |
| v. | |
| LINDA S. McMAHON, Acting Commissioner of Social Security, | |
| Defendant. | **[Re: Docket Nos. 14, 15]** |

In this Social Security action, plaintiff Dawn Jorgensen appeals a final decision by the Commissioner denying her application for disability insurance benefits. Presently before the court are plaintiff's motion for summary judgment and defendant's cross-motion for summary judgment.[1] Plaintiff filed a reply brief, and the matter was submitted without oral argument. Having considered the papers submitted by the parties, and for the reasons set forth below, plaintiff's motion for summary judgment is granted in part and denied in part, defendant's cross-motion for summary judgment is granted in part and denied in part, and the case is remanded for reconsideration consistent with this opinion.

//

---

[1] Pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, all parties have expressly consented that all proceedings in this matter may be heard and finally adjudicated by the undersigned.

## I. BACKGROUND

Plaintiff is a 41-year-old college graduate. Plaintiff's work experience includes employment as a receptionist in her father's veterinary office and as a library technician. (A.R. 25.) Plaintiff filed prior claims for disability insurance benefits on August 24, 1999 and May 16, 2000, claiming disability since October 17, 1997 due to depression, memory loss, and de Quervain's syndrome in both hands. (A.R. 48, 68, 241.) These claims were denied initially and on further review, and were appealed to an Administrative Law Judge ("ALJ"), who issued an unfavorable ruling on April 9, 2002. (A.R. 45-55.) A vocational expert testified at the hearing. (A.R. 48.) The ALJ found that plaintiff had the residual functional capacity ("RFC") to perform a full range of light exertional work, further limited to simple repetitive tasks in a low stress work environment. (A.R. 50.) This decision established a presumption of continuing nondisability. To overcome this presumption, plaintiff must prove "changed circumstances" indicating a greater disability. *Chavez v. Bowen*, 844 F.2d 691, 693 (9th Cir. 1988).

Plaintiff filed a new application for disability insurance benefits on July 17, 2002, claiming disability since October 17, 1997 due to de Quervain's syndrome, tennis elbow, fibromyalgia, foot injuries, major depression, headaches, loss of concentration, hypo-thyroidism, and fatigue. (A.R. 634, 25) The claim was denied initially and upon reconsideration, and plaintiff requested a hearing before an ALJ. The hearing was conducted on October 7, 2003. (A.R. 25.) In a decision dated December 11, 2003, the ALJ concluded that plaintiff was not disabled under the Social Security Act. (A.R. 21-32.) In general, the ALJ stated that a "review of the claimant's more recent medical treatment records does not establish that she has substantially worsened since the time of the earlier ALJ decision that was unfavorable." (A.R. 27.) The ALJ found that plaintiff's fibromyalgia was a severe impairment and that her alleged major depression was a non-severe impairment. (A.R. 28.) The ALJ found that plaintiff retained the residual functional capacity to perform the full range of light exertional work, further limited to simple repetitive tasks performed in a low stress environment. (A.R. 29.) Although she could not return to her past work, she was capable of doing a significant number of jobs that exist in the national economy. (A.R. 30.)

2

On April 13, 2005, the Appeals Council denied plaintiff's request for review, and the ALJ's decision became the final decision of the Commissioner. (A.R. 13.) Plaintiff now seeks judicial review of that decision.

## II.  LEGAL STANDARD

Pursuant to 42 U.S.C. § 405(g), this court has the authority to review the Commissioner's decision denying benefits. The Commissioner's decision will be disturbed only if it is not supported by substantial evidence or if it is based upon the application of improper legal standards. *Morgan v. Comm'r of the Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999); *Moncada v. Chater*, 60 F.3d 521, 523 (9th Cir. 1995). In this context, the term "substantial evidence" means "more than a mere scintilla but less than a preponderance – it is such relevant evidence that a reasonable mind might accept as adequate to support the conclusion." *Moncada*, 60 F.3d at 523. When determining whether substantial evidence exists to support the Commissioner's decision, the court examines the administrative record as a whole, considering adverse as well as supporting evidence. *Drouin v. Sullivan*, 966 F.2d 1255, 1257 (9th Cir. 1992). The Commissioner's decision must be affirmed if the record can reasonably support either affirming or reversing the decision. *Moncada*, 60 F.3d at 523.

## III.  DISCUSSION

Plaintiff contends that she did indeed meet her burden of showing changed circumstances. She argues that the ALJ erred in (1) overlooking the evidence that plaintiff can now only be on her feet for four hours per day instead of the six hours required for the full range of light exertional work; (2) failing to take into account plaintiff's increased difficulties with maintaining concentration, persistence, and pace; and (3) failing to make the requisite findings that justify a negative credibility determination. Defendant asserts that the ALJ's decision is supported by substantial evidence and free of legal error.

**A.   Physical Impairments**

Plaintiff contends that she submitted evidence in connection with her most recent benefits application that shows a deterioration of her physical condition, specifically with respect to the number of hours per day that she can be on her feet. Plaintiff asserts that this

3

1  functional impairment undermines her ability to do the full range of light exertional work, and
2  that therefore the ALJ should have consulted with a vocational expert to explore actual job
3  availability. Plaintiff points to the October 4, 2002 report of Dr. Salamacha, who conducted a
4  physical examination of plaintiff. After setting forth detailed findings, Dr. Salamacha issued a
5  functional assessment including the opinion that the claimant "can stand and walk for 2 hours in
6  the morning and 2 hours in the afternoon in an eight hour work day." (A.R. 696.) The record
7  reflects that in the next several months two state agency consulting physicians made physical
8  RFC assessments of plaintiff. First, on November 25, 2002, Dr. Newton checked a box
9  indicating that plaintiff could stand and/or walk (with normal breaks) for a total of about six
10 hours in an eight-hour workday. (A.R. 704-711.) Then, on May 1, 2003, Dr. Michelson
11 indicated that plaintiff could stand and/or walk (with normal breaks) for a total of at least two
12 hours each four hours of an eight-hour day (i.e. four hours total). (A.R. 734-741.)

The ALJ summarized this portion of the record as follows:

> An orthopedic consultative examiner, Dr. Lara Salamacha, examined the claimant on October 4, 2002. She made diagnoses of bilateral myofacial upper extremity pains and left ankle pains. The claimant was described as obese. The doctor noted that the claimant was wearing a special walking boot on the left foot, but that in her opinion a boot was not medically necessary. Regarding the claimant's RFC, the doctor stated that she has a capacity for light exertional work, that she can stand and walk for a total of 4 hours a day, and that she has no limitations in manipulations with the hands.
> The DDS medical evaluators determined based on the evidence that the claimant can perform light exertional work.

(A.R. 27.) The final sentence of this quotation refers only to the November 25, 2002 evaluation, not the May 1, 2003 one.

Plaintiff correctly asserts that the full range of light work requires standing or walking, off and on, for a total of approximately six hours of an eight-hour workday. Social Security Ruling 83-10. Plaintiff contends that the ALJ failed to adequately explain his reasons for implicitly rejecting the four-hour limitation when concluding that, in terms of physical exertion, plaintiff could perform the full range of light work.

4

It appears that the ALJ was imprecise in summarizing the medical opinions discussed above. None explicitly states that the claimant can perform light exertional work. Furthermore, the ALJ failed to explain how he assessed an RFC for the full range of light work when there is substantial evidence that the plaintiff can only be on her feet for four hours a day. The ALJ could have rejected the Salamacha and Michelson assessments in favor of the Newton evaluation if he had given specific and legitimate reasons for rejecting the examining physician opinion in favor of the non-examining physician opinion. *Andrews v. Shalala*, 53 F.3d 1035, 1037 (9th Cir. 1995). But the ALJ was completely silent as to his reasoning on this particular point, stating only that the medical records did not show that the claimant's condition was substantially worse than at the time of her prior hearing. This conclusion does not meet the standard of a "specific" reason based on substantial evidence.

The plaintiff is wrong to leap to the conclusion that a vocational expert was necessary, because the ALJ was not required to *accept* the four-hour limitation. The ALJ was, however, required to specifically *address* this evidence of changed circumstances before determining that plaintiff remained physically capable of doing the full range of light exertional work.

Defendant's only response to this point is that light work encompasses some jobs that involve sitting most of the time with some pushing and pulling of arm or leg controls. See 20 C.F.R. § 404.1567(b). Because Dr. Salamacha's evaluation did not rule out such jobs, defendant argues that plaintiff can do light work. But this argument ignores the rule that a person must have the ability to do substantially all of the activities encompassed by light work in order to be considered capable of performing a full or wide range of light work. See *id.* If plaintiff is indeed limited to four hours of standing or walking in a work day, she cannot perform the full range of light work, and the ALJ's conclusion otherwise was mistaken. Accordingly, remand is required.

**B.     Mental Impairments**

Plaintiff next argues that her mental impairments have worsened since the last ALJ hearing. Medical evidence submitted in connection with the prior application showed that plaintiff only had mild difficulties in maintaining concentration, persistence, and pace, while a

5

1 medical opinion submitted in connection with the current application found that plaintiff has
2 moderate difficulties in that area.  (A.R. 218, 440, 454, 726.)  Plaintiff also asserts that a
3 limitation in the realm of concentration, persistence and pace is not adequately conveyed by a
4 statement that plaintiff is limited to simple and repetitive tasks in a low stress environment.

5      The indication that plaintiff has moderate difficulties in maintaining concentration,
6 persistence, and pace comes from a Psychiatric Review Technique Form ("PRTF") attached to a
7 mental RFC assessment form completed by Drs. Norbeck and Smith on January 2, 2003.  (A.R.
8 704-715.)  It appears that these doctors did not examine the plaintiff, but rather based their
9 opinions on the other medical evidence in the record.  The psychiatric review technique is used
10 in steps two and three of the five-step sequential process used for evaluating Social Security
11 disability claims.  See 20 C.F.R. 404.1520a; Social Security Ruling 96-8p.  The limitations
12 identified on the Psychiatric Review Technique Form are not directed towards RFC assessment
13 but are instead a preliminary tool for evaluating the severity of a mental impairment.  Social
14 Security Ruling 96-8p.  Thus, a limitation in a claimant's ability to maintain concentration,
15 persistence, and pace need not be translated directly into the ultimate RFC assessment.
16 Moreover, the record indicates that Drs. Norbeck and Smith faithfully completed the PRTF,
17 determined that a mental RFC assessment was necessary and then completed the mental RFC
18 assessment form.  One of the physicians summarized their functional capacity assessment as
19 follows: "capable of SRT, in limited inter-personal work env."  (A.R. 714.)  In other words, the
20 very same doctors who found plaintiff to have moderate limitations in concentration,
21 persistence, and pace summarized her mental RFC as simple repetitive tasks (SRT in disability
22 lingo) in a work environment where inter-personal contact is limited.  The ALJ appears to have
23 accepted this evaluation when he determined plaintiff's overall RFC to be the full range of light
24 exertional work, further limited to simple repetitive tasks in a low stress environment.  There
25 was no need for the ALJ to take the concentration, persistence and pace limitation any further
26 than he did.  Accordingly, plaintiff's motion as to this issue is denied and defendant's motion as
27 to this issue is granted.
28 //

**C.    Credibility**

Plaintiff argues that the ALJ failed to make legally sufficient findings in support of his adverse credibility determination. Defendant argues that plaintiff has failed to show changed circumstances with respect to her subjective symptom testimony and overall credibility. Plaintiff alleged, in connection with the current application, the same kind of symptoms and limitations that she alleged in connection with her prior applications. See Defendant's Brief at 5. The ALJ who denied plaintiff's prior applications on April 9, 2002 performed an extensive analysis of plaintiff's subjective symptom testimony and noted that the record contained multiple contradictory and inappropriate statements from plaintiff. (A.R. 52.) For example, plaintiff contacted the state agency in 2000 and asked workers there to call her doctors and tell them what evidence it takes to get disability benefits. (A.R. 52.) She stated "I can't stand being a nobody...If someone made me do customer service, I'd shoot myself first." (A.R. 52.) The clear implication is that plaintiff prefers not to do certain jobs she considers beneath her, but disability benefits are not awarded based on such preferences. Plaintiff has not shown changed circumstances with respect to her credibility. Accordingly, plaintiff's motion as to this issue is denied and defendant's motion as to this issue is granted.

### IV. ORDER

Based on the foregoing, IT IS ORDERED THAT:

1. Plaintiff's motion for summary judgment is GRANTED IN PART AND DENIED IN PART;

2. Defendant's cross-motion for summary judgment is GRANTED IN PART AND DENIED IN PART;

3. The matter is REMANDED for further proceedings consistent with this opinion; and

4. The Clerk of the Court shall close the file.

Dated:   March 26, 2007

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

1  Notice will be sent to:

2  Shea Lita Bond shea.bond@ssa.gov

3  Marc V. Kalagian marckalagian_rohlfinglaw@hotmail.com, MKalagian@aol.com;
4  bg_rohlfinglaw@hotmail.com

5  Angelina Valle angelina@valle-law.com, ralph@valle-law.com

6  Sara Winslow sara.winslow@usdoj.gov, kathy.terry@usdoj.gov; claire.muller@usdoj.gov

7  Counsel are responsible for distributing copies of this document to co-counsel who have not
registered for e-filing under the court's CM/ECF program.
8