1

2                                                          * E-filed 11/16/07 *

3

4

5

6

7                              NOT FOR CITATION

8                  IN THE UNITED STATES DISTRICT COURT

9              FOR THE NORTHERN DISTRICT OF CALIFORNIA

10                            SAN JOSE DIVISION

11

12   DAWN JORGENSEN,                    No. C05-01879 HRL

13              Plaintiff,              **ORDER ON PETITION FOR**
         v.                             **ATTORNEY'S FEES UNDER THE**
14                                      **EQUAL ACCESS TO JUSTICE ACT**
     MICHAEL J. ASTRUE, Commissioner of
     Social Security,
15                                      Re: Docket No. 20
16              Defendant.

17   _____/

18         After issuing a remand on this Social Security Disability benefits appeal, Plaintiff

19   petitioned for attorney's fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412

20   (d)(1)(A).  She asks that any fee award be paid directly to her attorney.  The Commissioner

21   objects to the reasonableness of the amount sought and to paying the fee award to her attorney.

22

23                              **I.   DISCUSSION**

24   **A. Reasonableness of Fee Request**

25         The Commissioner argues for a reduction of Plaintiff's $4,021.77 fee request.   The

26   government properly objects to the inclusion of certain non-compensable clerical tasks.

27   Missouri v. Jenkins by Agyei, 491 U.S. 274, 288, n. 10 (1989) (inclusion of fees for clerical or

28   secretarial work inappropriate).  Therefore, time spent serving the summons and complaint,

United States District Court
For the Northern District of California

preparing and filing a proof of service, and calendaring the scheduling order is excluded.  The

Commissioner further contends that 1.2 hours claimed for review of a 7-page court order is

unreasonable.  Pennsylvania v. Delaware Valley Citizens' Council for Clean Air, 478 U.S. 546,

562-64 (1986) (party seeking fees bears the burden of proving reasonableness of request).

Plaintiff does not specifically respond to this claim.  However, given counsel's experience with

Social Security Disability actions, a modest reduction is appropriate.

The fee request is amended as follows: attorney's fees are reduced to $3,827.75 and

paralegal fees are reduced to $57.15.[1]  Accordingly, the court awards a total of $3,884.90 to be

paid under the EAJA.

**B.  The Proper Payee Under the EAJA**

The EAJA directs courts to award fees and other expenses to private parties who prevail

in litigation against the United States, unless the government's position was substantially

justified.  The parties agree that Plaintiff, as the prevailing party, is entitled to a fee award. The

question is whether that award should be paid to Plaintiff or her counsel.[2]

The Commissioner says that the fees should be paid to Plaintiff because the EAJA's

plain language directs payment to the "prevailing party."  Botosan v. Paul McNally Realty, 216

F.3d 827, 831-32 (9th Cir. 2000) (if the language of the statute is clear and unambiguous, the

plain meaning controls).  As defined in the EAJA, "party" refers to the individual bringing the

claim.  18 U.S.C. § 2412(d)(2)(B).  The Commissioner also points to the Ninth Circuit's

interpretation of "prevailing party" in the context of a civil rights fee award to mean that

plaintiff is eligible for the fee award, not her attorney.  Gilbrook v. City of Westminister, 177

F.3d 839 (9th Cir. 1999).  The court agrees that there does not appear to be ambiguity in this

statute and that its plain meaning should therefore control.

---

[1] The rates applied by Plaintiff in calculating the total award are not disputed and the court accepts those rates as reasonable.

[2] Past practice in this circuit awarded EAJA fees directly to counsel.  Recently, the Department of Justice became aware of this and changed the policy, now directing EAJA awards to plaintiffs, not their attorneys. See Defendant's Opp., fn.3.

United States District Court

For the Northern District of California

United States District Court
For the Northern District of California

1    Despite this, Plaintiff argues that the text of the statute should be read together with the

2    EAJA's legislative purpose. She explains that unless the fee award is directed to the attorney,

3    the government will be able to reduce the award by any amount a plaintiff owes to the

4    government.[3] See Debt Collection Act, 31 U.S.C. § 3716. This will potentially reduce the

5    amount counsel receives. As such, Plaintiff contends that payment of fees to the plaintiff will

6    deter private attorneys from taking these types of cases (or, at a minimum, will encourage

7    financial screening of potential clients). Such a result, she argues, is contrary to the EAJA's

8    legislative purpose of attracting attorneys to handle these appeals.

9    However, this argument is inconsistent with the EAJA's actual purpose, which is to

10   "deter the government from bringing unfounded suits or engaging in unreasonable

11   administrative behavior." Panola Land Buying Ass'n v. Clark, 844 F. 2d 1506, 1510 (11th Cir.

12   1988). Under the EAJA, government funds serve to reimburse the claimant for any reduction of

13   her past-due benefits by attorney's fee payments under the Social Security Act. Jankovich v.

14   Bowen, 868 F.2d 867, 871 (6th Cir. 1989); also see H.R. REP. No. 99-120(I), at 19-20 (1985),

15   reprinted in 1985 U.S.C.C.A.N.132, 148. The EAJA's legislative purpose thus directs a fee

16   award to the prevailing party, not her attorney. Accord, McCarty v. Astrue, 505 F. Supp. 2d

17   624 (N.D. Cal. 2007).[4]

18   Alternatively, Plaintiff contends that counsel should be awarded the fee as a

19   "representative payee." See Haymaker v. Astrue, Case. No. CIV-06-00452-F (W.D. Okla.,

20   August 7, 2007) (ordering payment to plaintiff "as trustee" for his counsel, where there was an

21   express agreement that EAJA fees would be paid directly to counsel). Haymaker is

22   distinguishable from the instant action where there is no similar fee arrangement. Further, in

23   the Social Security context, representative payees are generally used when a beneficiary is

24   incapable of managing her benefit payments. That is not the case here.

25   In consideration of the above, the fee award shall be paid to Plaintiff, not her attorney.

26

27   [3] E.g., delinquent federal student loans, taxes, or child support payments.

28   [4] In McCarty, the plaintiff moved to amend the court's order which directed EAJA
     fees to the plaintiff, rather than to the attorney. Although the decision was based on the
     propriety of amending an order, the underlying "proper payee" analysis is applicable here.

United States District Court
For the Northern District of California

1

2                                   **II.   ORDER**

3        The Commissioner is ordered to pay $3,884.90 to Plaintiff Dawn Jorgensen.

4

5        **IT IS SO ORDERED.**

6

7    Dated:  11/16/07

8                                        HOWARD R. LLOYD
                                         UNITED STATES MAGISTRATE JUDGE
9



10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                         4

**United States District Court**
For the Northern District of California

1

2  **5:05-cv-1879 Notice has been electronically mailed to:**

3  Shea Lita Bond shea.bond@ssa.gov

4  Marc V. Kalagian marckalagian_rohlfinglaw@hotmail.com, bg_rohlfinglaw@hotmail.com,
   MKalagian@aol.com

5

6  Angelina Valle angelina@valle-law.com, ralph@valle-law.com

7  Sara Winslow sara.winslow@usdoj.gov, kathy.terry@usdoj.gov

8

9
   *Counsel are responsible for distributing copies of this document to co-counsel who have not*
10 *registered for e-filing under the court's CM/ECF program.*

11

12 Date: 11/16/07                                    ___/s/  KRO_____
                                                     Chambers of Judge Howard R. Lloyd
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28